UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------X
ROBERTO ANDRADE,
A 36-093-105.
              Petitioner,

              Docket No. 05-11492 GAO

   -against-            Petition for a WRIT OF HABEAS CORPUS
                                  and MANDAMUS COMPLAINT

PETER PERRONCELLO, Superintendent of the
Bristol County Correctional Facility, and MAGISTRATE JUDGE _____
STEVE FARQUHARSON, District Director
of I.C.E., Department of Homeland Security for    RECEIPT # 65606
the District of Massachusetts, and                    AMOUNT $25
ALBERTO R. GONZALES, Attorney                 SUMMONS ISSUED ✓
General of the United States,                        LOCAL RULE 4.1 ✓
                                                  WAIVER FORM
            Respondents.                        MCF ISSUED
-------------------------------------------------X      BY DPTY. CLK.
                                                  DATE 7/14/05

TO THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK:

The Petition of ROBERTO ANDRADE, A 36-093-105, respectfully shows:

    1.    Petitioner ROBERTO ANDRADE, hereby petitions this Court under 28 U.S.C. §

2241, *et seq.*, to issue a Writ of Habeas Corpus ordering Respondents to show cause why this

court should not order the Petitioner's removal be STAYED, and that pending a final decision

with respect to his immigration status that Petitioner be RE-RELEASED FROM CUSTODY,

and that Respondent District Director be ordered to join in a motion to RE-OPEN REMOVAL

ORDER, and for such other and further relief as may be just and proper.

                                        JURISDICTION

    2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2241 (habeas corpus); 28

U.S.C. § 1331 (federal question jurisdiction); the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; F.R.C.P. Rule 81 *et seq.*, and declaratory judgment and mandamus, brought pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1361. Since this writ seeks a determination of the Petitioner's custody status, this matter is not affected by the provisions of the "REAL ID" Act, (Public Law 109-13, May 11, 2005), which requires that other kinds of immigration matters on federal review be brought in the appropriate United States Court of Appeals.

## PARTIES

3. Petitioner, ROBERTO ANDRADE, is a native and citizen of Portugal who obtained the status of permanent resident of the United States upon his entry into the United States on January 28, 1980 when he was just three and half years old. He was arrested on a warrant issued by the Department of Homeland Security and charged in a Notice to Appear with being removable pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act (hereinafter, "INA") (18 U.S.C. §1227(a)(2)(B)(i)) based on a conviction for a controlled substance offense. He was **not** charged with being an "aggravated felon," pursuant to INA 237(a)(2)(A)(iii) (18 U.S.C. §1227(a)(2)(A)(iii)). After being released on bond from the Immigration Detention facility at Oakdale, Louisiana, he was taken into custody on July 7, 2005, when he surrendered himself to the District Office of the Department of Homeland Security located at 200 Dyer Avenue, Providence, Rhode Island. From there he was placed in custody at the Bristol County Correctional Facility, located at 400 Faunce Corner Road, North Dartmouth, Massachusetts.

4. Respondent, PETER PERRONCELLO, is the Superintendent of the Bristol County Correctional Facility located at 400 Faunce Corner Road, North Dartmouth,

Massachusetts, and now has custody over the body of the Petitioner.

5. Respondent, STEVE FARQUHARSON, is the District Director for the Department of Immigration and Customs Enforcement ("I.C.E.") of the Department of Homeland Security District Office located in the JFK Federal Building at 15 New Sudbury Street, Boston, Massachusetts, on whose authority Petitioner was taken into custody.

6. Respondent, ALBERTO R. GONZALES, is the duly appointed, qualified, and confirmed Attorney General and head of the Department of Justice of the United States, and as such is the official charged with responsibility of the administration and enforcement of all the functions, powers and duties of the Executive Office of Immigration Review, which includes the Immigration Courts and the Board of Immigration Appeals.

## VENUE

7. Venue is proper in this court, which exercises jurisdiction in petitions for habeas corpus filed by persons detained within the State of Massachusetts.

## FACTUAL BACKGROUND

8. Petitioner was born on July 17, 1976. On or about January 28, 1980, at the age of three and a half years, Petitioner entered the United States with his family as an immigrant, and was at that time or thereafter granted status as a Lawful Permanent Resident. Since that time he has become married to a U.S.-born United States Citizen, Tanya Lee (LePore) Andrade, on January 10, 2003, and has two U.S.-born children by that marriage, Santana Marie LePore-Andreade, age eight, and Roberto Carlos Andrade, Jr., age two and a half, and has a third U.S. born child, Alexis Charlene Andrade, age nine, whom he supports. He has been gainfully employed for Warwick Floors at 50 Station Street, Cranston, Rhode Island as a hardwood floor installer.

Petitioner is illiterate in English as well as in any other language (including Portugese).

9. In 1998 (on November 12, 1998, although the "Notice to Appear" incorrectly states "December 12, 1998 ") Petitioner was convicted of a controlled substance offense in the Providence Superior Court in Providence, Rhode Island. Based on that conviction a Warrant for Arrest for the Removal of Petitioner was issued and Petitioner was taken into custody on or about August 21, 2002 and transferred to the Immigration Detention Center at Oakdale, Louisiana. From there he was released on a bond of $8,000.00 posted by his family, and had remained at liberty pending the resolution of his removal case until July 7, 2005.

10. Upon Petitioner's release from Oakdale his attorney filed a motion for change of venue, and the case was transferred to the Immigration Court (under the authority of the Executive Office of Immigration Review, which is a branch of the United States Department of Justice, now under the direction and authority of United States Attorney General ALBERTO R. GONZALES) located in Boston, Massachusetts.

11. In Boston Immigration Court Petitioner was represented by Steven D. DiLibero, an attorney with Offices at 128 Dorrance Street, Suite 200, Providence, Rhode Island. Mr. DiLibero received a notice of a "Master Calendar" hearing date set for May 13, 2004. Since counsel was unavailable on that date, Mr. DiLibero filed a motion for a continuance, which he served on May 10, 2004 by DHL Worldwide Express, to ensure delivery prior to the hearing date. The Immigration Court apparently either did not receive the motion or failed to docket it in time for the Master Calendar Hearing, and on May 13, 2004, the Immigration Judge, Paul M. Gagnon, issued an Order of Removal marking the form for the section which stated "neither the respondent [Petitioner] nor the respondent's representative was present.

12. Although the Order form states that a copy of the Order was sent by court staff by mail to the Respondent [Petitioner] and "Alien's ATT/REP" by mail, no such notice was received by the attorney, Mr. DiLibero. If any notice was received by the Petitioner himself, he was unaware of the contents thereof because he is illiterate in the English language; there is no indication in the Administrative Record that the Order was translated into Portugese, which is the Petitioner's native language.

13. Upon discovering that no new date had been set by the Immigration Court and that an order of removal had been issued "in absentia," Petitioner's attorney, Mr. DiLibero, filed a Motion to Vacate Order of Deportation on or about September 21, 2004. He thereafter filed a Motion to Re-Open to the Immigration Court on November 12, 2004, and paid the filing fee to the clerk of the U.S. Department of Justice, INS, Providence, at 12:11PM on November 12, 2004, which was the 182nd day after the issuance of the Order of Removal on May 13, 2004. Petitioner's attorney also showed in his motion that Petitioner has a meritorious defense to the Removal proceeding in that the criminal conviction upon which the removal was ordered has been vacated; a copy of the Order vacating the adjudication was included with the motion. The Department of Homeland Security, through its Office of Chief Counsel, opposed the motion to reopen on a form "Memorandum" which stated, "The Motion was filed more than 180 days after the entry of the order on May 13, 2004. Furthermore, the motion does not claim extraordinary circumstances as defined in INA § 240(e)(1)." The response failed to note that Petitioner's first motion, the Motion to Vacate the Order of Deportation, was filed on September 21, 2004, which was well within the 180-day filing deadline for motions to re-open in absentia orders. The Immigration Court, also failing to note the earlier timely filing, denied the motion to re-open

without stating any reasons on February 8, 2005.

14. Petitioner filed a timely Notice of Appeal to the Board of Immigration Appeals on February 21, 2005, which is pending.

15. Holding Petitioner in custody is unlawful because a) he only missed his court date because his attorney was engaged elsewhere, and took on the task of adjourning the matter before the Immigration Judge, b) the order of removal was entered in error because Petitioner's attorney had filed a motion to continue the court date for a valid reason, c) Petitioner's attorney timely-filed a motion to vacate the order, which is the equivalent to a motion to re-open, which was ignored by the court, and thereafter filed a motion to re-open with a filing fee on November 11, 2004, which was less than six months after the date of the removal order, and only two days beyond the 180-day deadline, d) Petitioner has filed a timely Notice of Appeal to the Board of Immigration Appeals, which appeal is still pending, and e) it would be a denial of Due Process and an arbitrary and capricious abuse of discretion to deny Petitioner his day in court when he has a meritorious defense to the removal proceeding and has only been ordered removed because of a failure to appear in court which was not through any fault on his part.

## IRREPARABLE HARM

16. Petitioner is currently detained by the Respondents, in violation of his constitutional right as a permanent resident to be free of restraint, and his continued detention represents irreparable harm to his freedom and his ability to pursue his life in the United States or in his country of citizenship, and his eminent removal would permanently deprive him of any opportunity to present his meritorious defense to removal and to be able to live in the United States with his U.S. citizen family.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. There is no mechanism for seeking a stay of removal pending an appeal to the Board of Immigration Appeals of the denial of a motion to re-open, and there is no mechanism for seeking re-release on bond for persons who have been ordered removed by the Immigration Court. Pursuant to the Immigration and Nationality Act there is no jurisdiction for direct review of questions involving constitutional rights of aliens such as the right to reasonable bail secured by the Due Process Clauses of the 5th and 14th Amendments to the Constitution of the United States: such review may only be made by writ of habeas corpus. Pursuant to the holding of Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001), habeas corpus review of the detention after a removal order has become final is available under 28 U.S.C. § 2241. *Id.* at 533 U.S. 688.

### CONSTITUTIONAL ISSUE PRESENTED

18. Whether Petitioner, who was a lawful permanent resident until ordered removed by the Respondent Executive Office of Immigration Review, is denied his right to due process of law by his detention and removal where the reason for his being taken into custody is that, through no fault of his own, he missed a court appearance in Immigration Court and his attorney made every good faith effort to restore the case to the Immigration Court calendar for a hearing on the merits, where on the merits Petitioner has a meritorious defense to removal?

WHEREFORE, YOUR PETITIONER PRAYS THIS HONORABLE COURT:

I. That this Court issue a Writ of Habeas Corpus demanding that the Respondents show cause why Petitioner's further requests for relief should not be granted,

II. That the Petitioner's removal from the United States be STAYED until this Court can determine the merits of Petitioner's application to have his case restored to the Immigration Court calendar;

III. That the Court declare that Petitioner should immediately BE RELEASED from custody on the bond already posted pending final decision on this writ and, thereafter, pending a final decision on the removal proceeding in the Executive Office of Immigration Review;

IV. That this Court issue mandamus directing Respondents STEVE FARQUHARSON, and ALBERTO R. GONZALES restore Petitioner's case to the Immigration Court calendar for hearing on the merits of his defense to removal, and

V. That the Court grant any other and further relief may be fit and proper.


Dated:   Providence, Rhode Island
         July 12, 2005

                              STEVEN D. DILIBERO, ESQ. (B.B.O. #865437)
                              Attorney for Petitioner
                              DiLibero and Coloian, Attorneys
                              130 Dorrance Street
                              Providence, Rhode Island 02903
                              (401) 621-9700

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERTO ANDRADE
A 36-093-105

**DEFENDANTS**
PETER PERRONCELLO, STEVE FARQUHARSON,
ALBERTO R. GONZALES, Attorney General

(b) County of Residence of First Listed Plaintiff   N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven D. DiLibero, 130 Dorrance Street, Providence, RI

Attorneys (If Known)
United States Attorney, District of Mass.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☒ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241
Brief description of cause:
Immigration Writ of Habeas Corpus and Mandamus, detained at Bristol County Corr. Facility

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                DOCKET NUMBER

DATE July 13, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Andrade v. Perroncello__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                              YES ☐    NO ■

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                              YES ☐    NO ☐

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                              YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                              YES ☐    NO ■

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), reside in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                              YES ☐    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ■    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                              YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Steven D. DiLibero, Esq.
ADDRESS            130 Dorrance Street, Providence, RI 02903
TELEPHONE NO.      (401) 621-9700

(Andrade Category form.wpd -5/2/05)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
----------------------------------------------------X
ROBERTO ANDRADE,
A 36-093-105.
          Petitioner, 05 - 11492 GAO
                        Docket No.

   -against-

                                          <u>ORDER TO SHOW CAUSE</u>
                                          <u>AND TEMPORARY RESTRAINING</u>
                                          <u>ORDER.</u>

PETER PERRONCELLO, Superintendent of the
Bristol County Correctional Facility, and
STEVE FARQUHARSON, District Director
of I.C.E., Department of Homeland Security for
the District of Massachusetts, and
ALBERTO R. GONZALES, Attorney
General of the United States,

         Respondents.
----------------------------------------------------X

      Petitioner, ROBERTO ANDRADE, having presented this court with a Petition for a Writ of Habeas Corpus and Mandamus Complaint seeking relief from detention by Respondents and their agents, and it appearing that the interests of justice would be served by an expeditious determination on the merits of his petition, it is hereby

      ORDERED, that Respondent, through his attorney, the Office of the United States Attorney for the District of Massachusetts, appear before this court on _____, at _____ of that day, to SHOW CAUSE why the Petitioner's request for relief should not be granted, and it is further

      ORDERED, that service of this Order and the Petition for a Writ of Habeas Corpus and Mandamus Complaint and the attachments thereto, being accepted by an Assistant United States

-1-

Attorney for the District of Massachusetts, and copies being sent by mail to

    1. PETER PERRONCELLO, Superintendent of the Bristol County Correctional Facility, at 400 Faunce Corner Road, North Dartmouth, Massachusetts, 02747,

    2. STEVE FARQUHARSON, District Director of I.C.E., Department, JFK Federal Building, 15 New Sudbury Street, Boston, Massachusetts, 02203, and

    2. ALBERTO R. GONZALES, the Attorney General of the United States at his office at 950 Pennsylvania Avenue, NW, Washington D.C. 20530,

    be deemed good and sufficient service thereof.

Dated:    Boston, Massachusetts
             July    , 2005

                                          _____
                                          United States District Judge