UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERTO ANDRADE, )
 )
      Petitioner )
 ) Civil Action No.
v. ) 05cv11492-GAO
 )
PETER PERRONCELLO, ET AL., )
 )
 )
      Respondents )

-- Courtesy Copy --
Do Not Scan

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**PRELIMINARY STATEMENT**

Petitioner has filed a habeas corpus action nominally asserting a challenge to "Petitioner's custody status", Petition for Writ of Habeas Corpus and Mandamus Complaint ("Petition"), p. 2, but in essence seeking judicial review of his May 13, 2004, final removal order. See Attachment A. Such review is now available only if at all in the circuit court of appeals.

To the extent the Petition can be read as actually challenging only the lawfulness of his custody status, this Court has habeas jurisdiction, but because petitioner admits he has been detained for removal only since July 7, 2005, Petition, p. 2, his detention pending execution of his removal order is well within the presumptively lawful 6-month period allowed by the Supreme Court. See Zadvydas v. Davis, et al., 121 S. Ct. 2491, 2505 (2001)(detention for 6 months post-order is presumptively a reasonable period within which to effect removal, and "for the

sake of uniform administration in the federal courts, we recognize that period").

However habeas corpus jurisdiction for judicial review of a removal order has now been eliminated by Congress through the RIDA[1] amendments to the Immigration and Nationality Act ("INA"). District court review of removal orders has now been replaced by statutory provisions directing that review of all removal orders -- even those criminally based orders that had previously been barred from circuit court review -- is exclusively in the circuit courts of appeals. Because petitioner's removal hearings were completed before an Immigration Judge in Boston, Massachusetts, see Attachment A, jurisdiction for any otherwise cognizable Petition for Review rests if at all only in the First Circuit Court of Appeals.[2]

---

[1] REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"). The RIDA was enacted into law on May 11, 2005.

[2] See 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). Respondent does not suggest that any such filing now would be timely; however, that is a question for the circuit court in the end. There is no provision of RIDA that authorizes transfer of this action to a circuit court of appeals, because this action was not pending in the district court on May 11, 2005, the date of enactment of the RIDA. See RIDA section 106(c). Also, although it is provided under 28 U.S.C. § 1631 that one court may transfer to another to cure the want of jurisdiction, such transfer is only authorized where the filing in the wrong court was itself timely. Petitioner's final order of removal was issued May 13, 2004, and he did not file the instant action within the statutorily required 30 days from that date. See 8 U.S.C. § 1252(b)(1).

Respondent[3] therefore moves to dismiss this action for lack of subject matter jurisdiction.

**ARGUMENT**

I.  THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW PETITIONER'S CLAIMS.

Through various sections of the RIDA Congress has amended the judicial review provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., to now explicitly provide that all review of removal orders is exclusively in the appropriate United States Circuit Courts of Appeals, even for aliens who have criminally-based removal orders. It is now unambiguously directed that no court has any jurisdiction to review such removal orders[4] other than as provided by statute at

---

[3] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[4] RIDA section 106(a)(1)(B) creates new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

(5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review,

3

the circuit court of appeals.[5] Enwonwu v. Chertoff, --- F.Supp.2d --- (D. Mass. 2005) (Young, C.J.)(2005 WL 1631121, at *1 )("Congress stripped this Court of jurisdiction to act in this pending case and all others like it.").

Prior to the enactment of RIDA on May 11, 2005, circuit courts had determined generally that the jurisdictional bar to judicial review at 8 U.S.C. § 1252(a)(2)(C) effectively kept criminally-based deportation and removal cases from being reviewed at the circuit, except for certain threshold jurisdictional questions relating to the bars themselves. See e.g. Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section 242(a)(2)(C) is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon.").

The result was that petitioners with such criminally-based removal orders sought habeas corpus review of their cases in the district court where possible, because it was held that the absence of an explicit reference to habeas corpus jurisdiction under 28 U.S.C. § 2241 in prior Congressional efforts to limit judicial review was ineffective to restrict such habeas corpus review. See e.g. Goncalves v. Reno, et al., 144 F.3d 110, 120

---

the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[5] See 8 U.S.C. § 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the

(1st Cir. 1998), cert. denied 526 U.S. 1004, ("any repeal of the federal courts' historic habeas jurisdiction must be explicit and make express reference specifically to the statute granting jurisdiction."); Mahadeo v. Reno, et al., 226 F.3d 3, 10 (1st Cir. 2000) (pre-RIDA judicial review provisions for removal orders "lack the clear statement of the congressional intent necessary to eliminate habeas review."). Also, the absence of any other forum for review of criminally-based removal orders was a factor in court determinations that pre-RIDA judicial review provisions did not repeal habeas corpus review of removal orders by implication. INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, with the enactment of RIDA Congress has at once now unequivocally indicated its intent to eliminate habeas corpus review of removal orders and at the same time indicated its intent to provide judicial review for all removal orders in the circuit courts of appeals.[6] RIDA section 106(a)(1)(A)(iii) has now created a new section of the INA, section 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D),[7] that explicitly provides for a review

---

court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

[6] See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

[7] RIDA Section 106(a)(1)(A)(iii) creates new INA section 242(a)(2)(D):

JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-

5

for even criminally-based removal cases in the circuit court, viz., "review of constitutional claims or questions of law". Cf. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) (federal courts "retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated."). See also Papageorgiou v. Gonzales, --- F.3d --- (3rd Cir. 2005) (2005 WL 1490454) ("With this [RIDA] amendment, Congress evidenced its intent to restore judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders."); Fernandez-Ruiz v. Gonzalez, 410 F.3d 585, 587 (9th Cir. 2005)("By this [RIDA] amendment, Congress restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders.").

The RIDA's explicit elimination of subject matter jurisdiction under 28 U.S.C. § 2241 when read with RIDA's explicit provision for "review of constitutional claims or questions of law" for all aliens upon properly filed petitions for review at the circuit court, is now congruent with the

---

Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Supreme Court's recognition that "Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal." INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001). See also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause.).[8]

Additionally, RIDA amends INA section 242(b)(9),[9] 8 U.S.C. § 1252(b)(9), and INA section 242(g),[10] 8 U.S.C. § 1252(b)(g), to

---

[8] Habeas challenges to pure detention -- that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order -- are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders.").

[9] Amendments made by Section 106(a)(2) RIDA to INA section 242(b)(9):

242(b)(9) CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW.- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

(Amended language emphasized).

7

plainly include 28 U.S.C. § 2241, inter alia, as being within the express terms of those statutory jurisdictional review bars.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals as provided by statute now has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States", and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]". INA sections 242(b)(9) and 242(g), respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments provides that the provisions "shall apply to cases in which the final administrative order of removal, deportation, or exclusion

---

[10] Amendments made by Section 106(a)(3) RIDA to INA section 242(g):

242(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law *(statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

(Amended language emphasized).

was issued before, on, or after the date of enactment of this division [The Real ID Act of 2005]."[11]

Moreover, it should be noted that if petitioner's Board of Immigration Appeal ("BIA") of the Immigration Judge's denial of his motion to reopen is denied, see Petition, pp. 5-6, petitioner may seek judicial review of *that* decision at the First Circuit within 30 days of the date of the BIA order. Also, contrary to petitioner's assertions, Petition at 7, the BIA does have authority to stay removal pending its consideration of petitioner's appeal. 8 C.F.R. § 1003.6(b)("The Board may, in its discretion, stay deportation while an appeal is pending from any such order if no stay has been granted by the Immigration Judge or a Service officer.").

Accordingly, under the RIDA amendments the Court lacks subject matter jurisdiction over the petition, and any consideration of petitioner's claim lies only, if at all,[12] at the appropriate circuit court of appeals.

---

[11] RIDA section 106(b) provides for the effective dates of the RIDA section 106(a) amendments:

106(b) EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

[12] It is for the circuit court to determine whether any bars exist to its consideration of a particular case.

9

## II. PETITIONER IS LAWFULLY DETAINED UNDER THE SUPREME COURT'S ZADVYDAS STANDARDS.

The Court retains habeas corpus jurisdiction over habeas challenges to pure detention, that is, challenges only as to the fact of detention or continuing detention and not vicariously to the lawfulness of a removal order. Such challenges only to the lawfulness of detention qua detention are not affected by the RIDA section 106 jurisdictional amendments. See Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Moreover, section 106 would not preclude habeas review over challenges that are independent of challenges to removal orders.").

Section 241(a) of the INA, 8 U.S.C. § 1231(a), provides for the detention of an alien following entry of a final removal order. That provision generally affords the government a ninety-day period to accomplish removal. See INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). Petitioner has been detained only since July 7, 2005.

However, there is no guarantee that an alien will be removed or released upon expiration of the 90-day removal period, because the United States government does not control the issuance of the necessary travel documents by the home country of the alien ordered removed. In this connection, the Supreme Court in Zadvydas v. Davis, et al., 121 S. Ct. 2491 (2001), concluded that detention after entry of an administratively final order of

removal was authorized for a period reasonably necessary to accomplish the alien's removal from the United States.

The Supreme Court further recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. Moreover, the Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." Id. at 1052 (emphasis added); Hodel v. Aguirre, 260 F.Supp.2d 695, 699 (N.D. Ill.

11

2003)(<u>Zadvydas</u> not implicated where criminal alien held less than 6 months).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

In the instant case, of course, petitioner has been in the custody of ICE pending removal only since July 7, 2005 -- not even one month, much less over 6 months.

Accordingly, the Court should dismiss any constructive claim of unlawful detention because petitioner fails to state any colorable claim of unlawful detention.

                                                        Respectfully submitted,

                                                        MICHAEL J. SULLIVAN
                                                        United States Attorney

            By:  <u>s/Frank Crowley</u>
                 FRANK CROWLEY
                 Special Assistant U.S. Attorney
                 Department of Homeland Security
                 P.O. Box 8728
                 J.F.K. Station
                 Boston, MA 02114
                 (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon counsel for petitioner by mail on August 1, 2005.

                                      s/Frank Crowley
                                      FRANK CROWLEY
                                      Special Assistant U.S. Attorney
                                      Department of Homeland Security
                                      P.O. Box 8728
                                      J.F.K. Station
                                      Boston, MA 02114

ATTACHMENT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS


STEVEN D. DILIBERO
ATTORNEY-AT-LAW
128 DORRANCE STREET, STE. 230
PROVIDENCE    RI 02903


IN THE MATTER OF           FILE A 36-093-106      DATE: May 13, 2004
ANDRADE, ROBERTO
18673-265

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                      OFFICE OF THE CLERK
                      P.O. BOX 8530
                      FALLS CHURCH, VA  22041

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                      IMMIGRATION COURT
                      JFK FEDERAL BLDG., ROOM 320
                      BOSTON, MA  02203-0002

__ OTHER: _____

                                              _____
                                              COURT CLERK
                                              IMMIGRATION COURT        FF

    CC:

SVM

FAX NO. 703 605 0607    P. 02



U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA 02203-0002

In the Matter of:      Case No.: A36-093-106
ANDRADE, ROBERTO
    Docket: BOSTON, MASSACHUSETTS
RESPONDENT
    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

On May 13, 2004, at 1:00 P.M., pursuant to proper notice, the above entitled matter was scheduled for a hearing before an Immigration Judge for the purpose of hearing the merits relative to the respondent's request for relief from removal. However,

( )   the respondent was not present.

( )   the respondent's representative was present; however, the respondent was not present.

(X)   neither the respondent nor the respondent's representative was present.

Therefore, in the absence of any showing of good cause for the respondent's failure to appear at the hearing concerning the request for relief, I find that the respondent has abandoned any and all claim(s) for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED for the reasons set forth in the Immigration and Naturalization Service charging document that the respondent be removed from the United States to PORTUGAL.

PAUL M. GAGNON
Immigration Judge
Date: May 13, 2004

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)  PERSONAL SERVICE (P)
TO: [ ] ALIEN  [/] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE: 5/13/04   BY: COURT STAFF
Attachments:  [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

---

Form EOIR 36 - 7T (FTA)

ATTACHMENT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, MASSACHUSETTS


STEVEN D. DILIBERO
ATTORNEY-AT-LAW
128 DORRANCE STREET, STE. 230
PROVIDENCE       RI 02903


IN THE MATTER OF            FILE A 36-093-106        DATE: May 13, 2004
ANDRADE, ROBERTO
18673-265

\_ UNABLE TO FORWARD - NO ADDRESS PROVIDED

\_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION
   IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
   WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
   SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
   YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
   MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                         OFFICE OF THE CLERK
                         P.O. BOX 8530
                         FALLS CHURCH, VA  22041

✓ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
   OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
   THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
   WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
   SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
   8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION
   TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                         IMMIGRATION COURT
                         JFK FEDERAL BLDG., ROOM 320
                         BOSTON, MA  02203-0002

\_ OTHER: _____

                                            _____
                                            COURT CLERK
   CC:                                      IMMIGRATION COURT              FF


SVM



U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA. 02203-0002

In the Matter of:         Case No.: A36-093-106
ANDRADE, ROBERTO
                          Docket: BOSTON, MASSACHUSETTS
RESPONDENT
                          IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

On May 13, 2004, at 1:00 P.M., pursuant to proper notice, the above entitled matter was scheduled for a hearing before an Immigration Judge for the purpose of hearing the merits relative to the respondent's request for relief from removal. However,

( )   the respondent was not present.

( )   the respondent's representative was present; however, the respondent was not present.

(X)   neither the respondent nor the respondent's representative was present.

Therefore, in the absence of any showing of good cause for the respondent's failure to appear at the hearing concerning the request for relief, I find that the respondent has abandoned any and all claim(s) for relief from removal.

Wherefore, the issue of removability having been resolved, it is HEREBY ORDERED for the reasons set forth in the Immigration and Naturalization Service charging document that the respondent be removed from the United States to PORTUGAL.

PAUL M. GAGNON
Immigration Judge
Date: May 13, 2004

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN [/] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE: 5/13/04   BY: COURT STAFF
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

Form EOIR 36 - 7T (FTA)