UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ROBERTO ANDRADE,                  )
                                  )
          Petitioner              )
v.                                )    CIV. NO. 05-11492-GAO
                                  )
PETER PERRONCELLO, et. al.,       )
                                  )
          Respondents             )


MOTION FOR EXTENSION OF TIME TO FILE
OPPOSITION TO MOTION TO DISMISS

     Undersigned counsel for the petitioner Roberto Andrade
respectfully moves this Court for additional time to file an
opposition to the respondent's motion to dismiss his habeas
corpus petition.  Counsel also moves for leave to withdraw from
the appointment in this case and requests that other counsel be
appointed to represent the petitioner.

Factual Background

     The petitioner, through predecessor counsel, filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241
on July 14, 2005.  The petition challenged the legality of his
detention pursuant to an order of removal issued by an
immigration judge in May 2004.  At the time this petition was
filed, the petitioner was pursuing an appeal of an immigration
judge's denial of his motion to reopen his removal hearing in the
Board of Immigration Appeals.  On August 1, the respondents moved

-1-

to dismiss the petition, arguing that the U.S. District Court did not have habeas corpus jurisdiction to hear the petition by virtue of recent amendments to the Immigration and Nationality Act ("INA").

On August 19, the petitioner filed a reply to the motion to dismiss.  In the reply, counsel requested further time to respond to the motion to dismiss and an order staying petitioner's removal pending the outcome of the proceeding then before the Board of Immigration Appeals.  The reply stated that it was not seeking review in the district court of any decisions of the immigration court.  From the docket entries it appears there was no further action taken by the court or the parties[1] until November 30, 2005, when the respondents filed a notice of intent to execute the removal order on December 18, 2005.  A hearing was scheduled for December 14, 2005; at that hearing petitioner's counsel withdrew from the case.  Undersigned counsel was appointed the following day, December 15, 2005.

In the meantime, on September 13, 2005 the Board of Immigration Appeals affirmed the immigration judge's denial of the petitioner's motion to reopen his removal hearing.  Then, on November 28, 2005 the petitioner, through newly retained counsel, moved before the Board of Immigration Appeals to reopen his

---

[1]  Petitioner did not file any supplemental response to the respondents' motion to dismiss the petition.

removal proceedings based on the ineffective assistance of prior
counsel.  The new motion to reopen the removal hearing alleges
that because the initial removal order against petitioner was
entered *in absentia*, any order of removal is automatically stayed
pending the outcome of the new motion to reopen litigation.[2]  To
the best of undersigned counsel's knowledge, this motion is still
pending.

A status conference in this matter was held on January 5,
2006 at which undersigned counsel first appeared for the
petitioner at the request of this court.  While the court
expressed its appreciation that counsel was appearing for
petitioner, counsel in turn voiced concern about her ability to
represent the petitioner effectively, given the subject matter of
the case and counsel's lack of expertise in immigration matters.
Counsel expressed her desire to find other counsel with
immigration experience to undertake petitioner's representation
and was granted until February 9, 2006 to file a response to the
respondents' motion.  By letter to this court dated January 25,
2006 the Federal Public Defender, Miriam Conrad, Esq., asked that
undersigned counsel be relieved of the appointment in this case
and that other counsel be appointed to represent the petitioner.[3]

---

[2]  The motion cites to 8 C.F.R. §1003.2(f) for this
proposition.

[3]  Ms. Conrad's letter was copied to opposing counsel, Mr.
Frank Crowley of the Department of Homeland Security.

<u>Request for relief</u>

Counsel is asking that the court grant the petitioner until March 31, 2006 to respond to the motion to dismiss.  Counsel also asks that an attorney versed in immigration law be appointed to represent the petitioner in lieu of the Federal Defender Office. In an effort to assist the court, counsel has spoken with attorney Lenore Glaser regarding this case.  Ms. Glaser is on the C.J.A. panel and is thus eligible to accept a court appointment; she also has expertise in immigration matters.  Undersigned counsel has ascertained that Ms. Glaser is available to take an appointment should the court make it, and she is able and willing to represent the petitioner, provided that she has until the end of March 2006 to reply to the respondents' motion to dismiss. Undersigned counsel has spoken with opposing counsel, Frank Crowley, regarding this motion for additional time to respond. Mr. Crowley opposes this motion.

                              Respectfully submitted,


                              /s/  Syrie D. Fried
                              Syrie D. Fried
                                 B.B.O. # 555815
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02210
                              Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

I, Syrie D. Fried, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on February 8, 2006.

/s/ Syrie D. Fried

Syrie D. Fried