UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERTO ANDRADE,                    )
                                    )
            Petitioner              )
                                    )        Civil Action No.
        v.                          )        05cv11492-GAO
                                    )
PETER PERRONCELLO, ET AL.,          )
                                    )
                                    )
            Respondents             )


REPORT TO COURT AND SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS


        Respondent[1] reports to the Court that the Board of

Immigration Appeals ("BIA") by decision dated February 8, 2006,

has now granted petitioner's motion to reopen, and remanded his

removal case back to the Immigration Judge for further

proceedings. See Attachment A.  Accordingly, petitioner is no

longer subject to an order of removal from the United States, and

the instant action is moot and should be dismissed for that for

that reason, if for no other.[2]

---

[1] The responsive official of the Department of Homeland Security
responsible for enforcement of petitioner's removal order in the
instant action is Bruce Chadbourne, Field Office Director for
Detention and Removal, Department of Homeland Security, Bureau of
Immigration and Customs Enforcement ("ICE") in Boston,
Massachusetts.  See 28 U.S.C. § 517 (providing for the appearance
of the Department of Justice "to attend to the interests of the
United States in a suit pending in a court of the United
States").

[2] Respondent does not waive any other jurisdictional defenses.
See e.g. Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) ("The
plain language of [the Real ID Act of 2005] amendments, in
effect, strips the district court of habeas jurisdiction over

Petitioner had sought habeas corpus relief "to challenge the illegality of the detention of the Petitioner on the grounds that his Due Process rights, as guaranteed by the Fifth Amendment of the Constitution, were violated by the unreasonable refusal to permit the slightly-late filing of a motion to reopen his proceeding . . ." Reply to Motion to Dismiss, p.2, ¶4. At the same time, petitioner clarified that "[t]o the extent that the Petition appears to seek further review of the decisions of the immigration court, any such requests are withdrawn." Id., ¶5.

Petitioner had also asserted that "this is not a challenge to custody based on Zadvydas v. Davis, 533 U.S. 678 (2001)." Id. ¶6.

However, now that the BIA has vacated the removal order and petitioner's case has been remanded back to the Immigration Judge, petitioner's claims have been mooted by case developments, and the petition should be dismissed.

<u>CONCLUSION</u>

For all the reasons set out above, the Court should dismiss this action and deny all relief requested.

---

final orders of removal, including orders issued prior to enactment of the Real ID Act. . . . Congress has now

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as nonregistered
participants on February 17, 2006.

                    s/Frank Crowley
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114

---

definitively eliminated any provision for [habeas]
jurisdiction.").



Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Lawrence Gatei, Esquire
205 Portland Street Fifth Floor
Boston, MA 02114-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: ANDRADE, ROBERTO                    A36-093-106

Date of this notice: 02/08/2006

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    OSUNA, JUAN P.

GILMOREC

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A36-093-106 - Boston

Date:

FEB 0 8 2006

In re:  ANDRADE, ROBERTO

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Lawrence Gatei

ORDER:

    PER CURIAM.  The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen our decision dated September 13, 2005.  The respondent has filed a motion to reopen based on his prior counsel's ineffective assistance before the Immigration Judge below.  Reopening or remanding a case based upon a claim of ineffective assistance of counsel requires (1) an affidavit of the allegedly aggrieved applicant setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the applicant in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) evidence that a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not. Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd 857 F.2d 10 (1st Cir. 1988).  The respondent has supported his motion with numerous affidavits, exhibits, and has otherwise complied with Board precedent, insofar as he has taken the steps necessary to proffer an ineffective assistance of counsel claim, and has also shown sufficient prejudice as a result of the claimed insufficiently competent legal representation previously.  See Matter of Assaad, 23 I&N Dec. 553 (BIA 2003).  The Department of Homeland Security ("DHS") has not responded to the respondent's motion, although we note the points raised by the DHS regarding the defects in the respondent's first motion to reopen before the Immigration Judge.  In sum, based on the supporting documentation presented by the respondent, as well as the compliance with Board precedent, coupled with a showing of prejudice, we will grant the respondent's motion.

    Accordingly, the motion is *granted*, the proceedings are reopened, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion.

FOR THE BOARD